## *McMICKEN* vs. *TURNER.*

Whether.
there be an
assignment of
a debt, is often
a mere
question of
fact.

Appeal from the court of the third district, the judge of the district presiding.

PORTER, J. delivered the opinion of the court. Judgment was recovered against the defendant by one Fluker. This judgment was sold on execution by a creditor of Fluker's and the defendant became the purchaser. The plaintiff seeks by this action to compel the payment of the judgment to him, alleging that he was the assignee of the debt, and that the defendant had notice of it.

The answer contains a general denial; an allegation that by virtue of the execution issued

against Fluker, and the sale under it, the defendant had acquired all Fluker's rights, and a demand in reconvention.

The jury found against the plaintiff; the court below confirmed the verdict, and he appealed.

The question which the cause presents is whether there was an assignment of the debt to the plaintiff; for if there was, and notice was given to the defendant, he had no right to afterwards become the purchaser at sheriff's sale.

The principal evidence is contained in a letter to the defendant, and in his answer to interrogatories.

The letter is in the following words:

"Jackson, 21st April, 1825. Mr. James Turner, Sir, I have this day been called on by Mr. Charles McMicken, for money. I have it not. I have given up your note in my favour for $500, for years now standing due. I wish you to make payment, as I have waited as long as I possibly can. Should you not make any arrangement with Mr. McMicken I have desired him to put the note in suit. I remain yours. David Fluker."

The defendant in his answer to the first interrogatory admits he received this letter. The second interrogatory enquires whether the plaintiff did not, before bringing suit in the name of Daniel Fluker against you, inform you that Fluker had given the note to the plaintiff in payment of an account and claims he had against Fluker, and did he exact payment of the note sued on from you.

To this interrogatory the defendant in substance replied, that at the time the plaintiff handed the letter, he stated that Fluker had been indebted to him for a long while, that he went to see him, and that Fluker said he had no money, that plaintiff enquired of him if he had not notes on other people, on which Fluker produced respondent's note for $500 which plaintiff took to present, and if respondent would pay it, that he plaintiff would take it, and not urge the payment, but give any reasonable time that was requested. Respondent declined, saying that he was not bound for the note. Plaintiff replied that he hoped respondent would not blame him, that his instructions were to hand it over to Mr. Barrow, to commence suit on. Respondent saw Fluker

afterwards, who told him that if the money was collected the plaintiff was only to have part of it.

In his answer to the third interrogatory the defendant admits that subsequent to the rendition of judgment against him in this court, he received a letter from the plaintiff, in which he claimed the money recovered by said judgment, alleging it to belong to him.

The fourth interogatory is "was the objection to McMicken being a witness in the suit of Fluker vs. Turner, on account of his being interested in the recovery."

To this question the defendant answers, by annexing the bill of exceptions taken on that trial, to the introduction of the plaintiff as a witness against the defendant. By this document it appears that the plaintiff was objected to, and that he swore on his *voir dire* that he was to receive the money to be recovered in this suit, provided it was recovered, but that he did not receive in payment or part payment from Fletcher—that he expected to get his debt out of Fluker, if it was not paid in the above manner, and that he was not obliged to wait with Fluker until this suit was determined.

McMICKEN
*vs.*
TURNER.

Whether there was an assignment of the debt or not is in this case a question of fact. There is no direct or positive evidence of a transfer. The proof adduced admits of some inferences in favor of there being one; but of more against it. The conviction produced on our minds is the same as that of the jury, and the court of the first instance. We do not believe the debt ever was assigned to the plaintiff—we think he acted as the agent of Fluker in putting it into suit and collecting it in the hope and belief that the collection of his debt would be promoted by the step he took.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Lockett* for the plaintiff—*Hennen* for the defendant.